IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Swamiji Sri Sel Vam Siddhar,    :

       Plaintiff,    :

   v.    :    Case No. 2:13-cv-747

                     :    JUDGE EDMUND A. SARGUS, JR.
Yasodhara Sivanesan, et al.,    Magistrate Judge Kemp

       Defendants.    :

REPORT AND RECOMMENDATION
AND ORDER

    Swamiji Sri Sel Vam Siddhar, also known as Annamalai
Annamalai, a plaintiff proceeding pro se, filed a 90-page
complaint on July 29, 2013, generally alleging that twenty-seven
defendants conspired to make false and derogatory statements
about him which caused harm to his reputation and his temple, the
Hindu Temple of Ohio.  Plaintiff has pleaded ten causes of
action, consisting of unjust enrichment, defamation, slander,
intentional infliction of emotional distress, tortious
interference with business relations, civil conspiracy,
commercial disparagement, interference with an existing business
contract, civil fraud, and conspiracy to interfere with civil
rights pursuant to 42 U.S.C. §1985.  Plaintiff seeks $125 million
in compensatory and punitive damages.

I. Pending Motions

    There are numerous motions pending before this Court for
consideration, which include motions brought pursuant to Fed. R.
Civ. P. 21, motions for default judgment, a motion to reconsider
and motions for extensions of time, a motion to dismiss for lack
of personal jurisdiction, a motion for a more definite statement
and to strike, a motion to disqualify counsel, and motions for
injunctive relief.  Those motions not susceptible of resolution

by a United States Magistrate Judge in the first instance have been referred to the Magistrate Judge by the assigned District Judge.  The Court now examines these motions in turn.

A.  <u>Rule 21 Motions</u>

Among the defendants named in the complaint are Mary Ann Baker Whitaker, Kitisook Ratna Kepner, Susan Kozar, and Ronald Kozar.  On September 16, 2013, plaintiff filed a motion to voluntarily dismiss those defendants.[1]  (Doc. #25).  Plaintiff filed separate motions for voluntary dismissal of defendants John K. Limoli (Doc. #19) and Joyce Drudaller[2] (Doc. #64).  Although plaintiff does not identify the federal rule governing his motions, the Court construes them as having been brought pursuant to Fed. R. Civ. P. 21, which allows the Court to dismiss all claims against individual defendants.  See <u>Leaf Funding, Inc. v. Donahue, D.C.</u>, No. 2:07-cv-1286, 2008 WL 2388108, at *2 (S.D. Ohio June 6, 2008)(explaining that "the Sixth Circuit has suggested, *without conclusively deciding the issue*, that dismissal of all claims against a single defendant should be

---

[1] Plaintiff filed the motion subsequent to a August 30, 2013 decision by the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division in <u>In re Hindu Temple</u>, Case No. 09-82915, holding plaintiff in contempt and directing him to dismiss Ms. Whitaker, Ms. Kepner, Ms. Kozar, and Mr. Kozar from this action with prejudice on the grounds that bringing this lawsuit against them violated the doctrine established by the Supreme Court in <u>Barton v. Barbour</u>, 104 U.S. 126, 127 (1881). See Doc. #9, Ex. 1 (holding that the <u>Barton</u> doctrine extends to the filing of the complaint against the attorney for the trustee and the wives of that attorney, the trustee, and a member of the attorney's firm).

[2] Although plaintiff captioned the document pertaining to "Joyce M. Drudaller" as a notice of voluntary dismissal, the Court construes the notice as having been brought as a motion pursuant to Fed. R. Civ. P. 21.  Further, it is likely that plaintiff has misspelled this defendant's last name, which is referred to by her counsel as "Durdaller," and not "Drudaller."

2

pursuant to Rule 21, not Rule 41")(emphasis in original).  There
has been no objection to plaintiff's motions to dismiss Ms.
Whitaker, Ms. Kepner, Ms. Kozar, Mr. Kozar, Mr. Limoli, and Ms.
Durdaller.  Consequently, and for good cause, the Court will
recommend that the motions to dismiss (Docs. #19, #25, #64) be
granted.

B.  <u>Default Judgment Motions</u>

Plaintiff has also filed numerous motions for default
judgment.  In particular, plaintiff has filed motions for default
judgment against the following defendants:  the Hindu American
Temple and Cultural Center, Inc. (the "Hindu American Temple")
(Doc. #12), Pichu Ravikumar (Doc. #14), Richard E. Cox (Doc.
#27), the Hindu Community Organization, Inc. (Doc. #29),
Subramani Ramgopal (Doc. #31), Southern Christian Leadership
(Doc. #35), Reginald B. Young (Doc. #37), Faraha Bhatti (Doc.
#39), and Albert Stidham (Doc. #41).

As an initial matter, a default cannot be entered unless a
party has failed to plead or otherwise defend.  Fed. R. Civ. P.
55(a).  Here, there is no question that the Hindu American Temple
filed a motion to strike and for a more definite statement (Doc.
#15) as well as an answer (Doc. #17).  As an active litigant in
this case, the Hindu American Temple is not in default.
Consequently, plaintiff's motion for default judgment against the
Hindu American Temple will be denied.  (Doc. #12).

In order for plaintiff to obtain a judgment by default
against any defendant, he must first request the Clerk's entry of
default pursuant to Fed. R. Civ. P. 55(a).  In this case,
plaintiff requested the entry of default with respect to each of
the defendants listed above, but the Clerk has not filed such an
entry for two reasons.  First, plaintiff has not provided this
Court with sufficient proof that service was properly effected
with respect any of the defendants.  More specifically, plaintiff

3

has not filed any returns of service of summons.  Second, to the
extent that plaintiff attempted to serve these defendants, he has
apparently done so by certified mail without complying with the
local rules.  The sole exception pertains to defendant Subramani
Ramgopal, who appears to have been served by a process server;
however, plaintiff failed to file an executed service of summons
for this service.

Fed. R. Civ. P. 4 explains how a complaint and summons are
to be served on a defendant, when that must happen, and who is
allowed to make service.  After reviewing the affidavits of
service filed by plaintiff, the Court concludes that he has not
followed the rule and that no proper service has been made.
Attachments to plaintiff's affidavits demonstrate that he
attempted to serve the complaint and summons by certified mail.
This attempt was ineffective because service of a summons and
complaint must be made by a "person who is at least 18 years old
and not a party ...."  Fed. R. Civ. P. 4(c)(2).  Plaintiff is a
party and therefore cannot serve the complaint himself.

Further, federal law does not ordinarily allow for service
by certified mail.  Service of process in a federal court case
may be made by a method allowed by state law, and Ohio law
permits certified mail service, but only by the Clerk of Court.
In order to give litigants the benefit of this method of service,
this Court has adopted a procedure for having the Clerk make
certified mail service.  That procedure is set out in Local Civil
Rule 4.2, which provides as follows:

> **4.2 SERVICE OR WAIVER OF PROCESS**
> Plaintiffs should ordinarily attempt to obtain a waiver
> of service of process under Fed. R. Civ. P. 4(d) before
> attempting service of process.  If a request for waiver
> is unsuccessful or is deemed inappropriate, the Court
> prefers parties to use the methods of service provided in
> Fed. R. Civ. P. 4 before using certified mail service
> under Ohio law.  This Rule is confined to the domestic
> service of the summons and complaint in a civil action in

4

this Court by certified mail or ordinary mail, pursuant to the law of Ohio, and is not intended to affect the procedure for other methods of service permitted by the Federal Rules of Civil Procedure or Ohio law. If a party elects to use Ohio certified mail service, it must be done as follows:

(a) Plaintiff's attorney shall address the envelope to the person to be served, and shall place a copy of the summons and complaint or other document to be served in the envelope. Plaintiff's attorney shall also affix to the back of the envelope the domestic return receipt card, PS Form 3811(the "green card") showing the name of sender as "Clerk, United States District Court, Southern District of Ohio" at the appropriate address, with the certified mail number affixed to the front of the envelope. The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where delivered. Plaintiff's attorney shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed.

(b) The Clerk shall enter the fact of mailing on the docket and make a similar entry when the return receipt is received. If the envelope is returned with an endorsement showing failure of delivery, the Clerk shall forthwith notify, electronically or by regular mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. The Clerk shall enter the fact of notification on the docket and shall file the return receipt or returned envelope in the records of the action. (Ohio R. Civ. P. 4.1)

(c) If service of process is refused or was unclaimed, the Clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification, files with the Clerk a request for ordinary mail service, accompanied by an envelope containing the summons and complaint or other document to be served, with adequate postage affixed to the envelope, the Clerk shall send the envelope to the defendant at the address set forth in the caption of the complaint, or at the address set forth in instructions to the Clerk. The attorney or party at whose instance the mailing is sent shall also prepare for the Clerk's use a certificate of mailing which shall be signed by the Clerk

or a Deputy Clerk and filed at the time of mailing. The attorney or party at whose instance the mailing is sent shall also endorse the answer day (twenty-one (21) days after the date of mailing shown on the certificate of mailing) on the summons sent by ordinary mail. If the ordinary mail is returned undelivered, the Clerk shall forthwith notify the attorney or serving party, electronically or by mail.

(d) The attorney of record or the serving party shall be responsible for determining if service has been made under the provisions of Rule 4 of the Ohio Rules of Civil Procedure and this Rule.

This procedure has not been followed here. Consequently, plaintiff has not obtained valid service on the defendants against whom he seeks default judgment. The motions for default judgment against Pichu Ravikumar (Doc. #14), Richard E. Cox (Doc. #27), the Hindu Community Organization, Inc. (Doc. #29), Subramani Ramgopal (Doc. #31), Southern Christian Leadership (Doc. #35), Reginald B. Young (Doc. #37), Faraha Bhatti (Doc. #39), and Albert Stidham (Doc. #41) will be denied.

Plaintiff's failure to effect proper service raises another issue. Fed. R. Civ. P. 4(m) provides in relevant part:

If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than 120 days has passed since this case was filed on July 29, 2013, and, as the Court has already pointed out, the complaint has not been served properly on many of the defendants. Rather than dismiss the case against those defendants who have not been served properly, however, the Court will give plaintiff twenty-eight more days to obtain service. If he does not, any defendant who has not been served properly will be dismissed as a

party.

C. <u>Motion to Reconsider and Motions for Extensions of Time</u>

Plaintiff has also filed a motion for reconsideration, requesting that this Court reconsider its August 29, 2013 order (Doc. #8) granting a motion for an extension of time to respond to the complaint.  (Doc. #20).  In the August 29 order, the Court found good cause and granted an extension of time to certain defendants to respond to the complaint until October 31, 2013. For good cause and upon motion (Docs. #61 and #62), the Court again extended the deadline in an October 18, 2013 order (Doc. #63), allowing until December 2, 2013 to respond to the complaint.  Accordingly, plaintiffs' motion to reconsider will be denied as moot.  (Doc. #20).

Two motions for an extension of time of time are currently pending for consideration.  (Docs. #65, #66).  More specifically, certain defendants request that the Court extend the deadline by which they must answer or otherwise respond through January 3, 2014.  The motions set forth good cause for the extension, and they therefore will be granted.  The new date for those defendants to respond is January 3, 2014.  The previous motion for an extension of time filed by defendant Bhatti (Doc. #43) will be denied as moot.

D. <u>Motion to Dismiss</u>

The Court now turns to the motion to dismiss for lack of personal jurisdiction filed by defendant Seema Patel.  (Doc. #18).  Ms. Patel filed the motion <u>pro se</u>, generally alleging that this Court lacks personal jurisdiction over her because she has had no "substantial, continuous, or systematic contacts with Ohio," and she has never "purposefully availed [herself] of the privilege of conducting activities in Ohio."  <u>Id.</u> at 1.

Plaintiff opposes the motion, attaching a sworn affidavit to establish jurisdictional facts.  In his affidavit, plaintiff

avers that Ms. Patel contacted him in 2008 in Dayton, Ohio for
counseling services relating to her divorce.  Plaintiff avers
that he provided those services to Ms. Patel, although it is
unclear where those services were rendered.  Plaintiff swears
that after Ms. Patel "prematurely stopped remitting the agreed
installment amounts, she began posting defamatory statements and
false comments about [him] on internet blog web pages."  (Doc.
#59, Ex. 2 at 2).  Plaintiff further avers that Ms. Patel
"conspired with and directed the unknown person(s) identified by
pseudonym 'Akkamolai' to post highly inflammatory, derogatory,
false, and libelous comments about [him] and the Hindu Temple of
Ohio on internet websites."  Id.

Plaintiff swears that he met with Ms. Patel a second time in
Dayton, Ohio "around July/August 2012," when Ms. Patel sought
"personal blessings" from him.  Id.  According to plaintiff,
"[a]s an act of contrition, and to prove she sought [his]
forgiveness for her prior malicious behavior and other
transgressions, Seema Patel admitted she had called many temple
followers to persuade them to abandon the Hindu Temple of Ohio."
Id.  Plaintiff avers that Ms. Patel also "confessed that she
colluded with an unidentified blogger who used the pseudonym
'Akkamolai' to publish heinous, untrue, misrepresentations about
[his] personal and professional reputation and practices."  Id.

Although Ms. Patel does not cite to any federal rule in her
motion, the Court construes Ms. Patel's motion as having been
brought pursuant to Fed. R. Civ. P. 12(b)(2), which allows for
dismissal of cases for lack of personal jurisdiction over a
defendant.  In order to subject a defendant to the in personam
jurisdiction of this Court, the Court must find that the Ohio
long-arm statute permits the exercise of jurisdiction and that
the Court's assertion of jurisdiction is within the limits
dictated by due process.  See Michigan Coal. of Radioactive

8

Material Users, Inc. v. Griepentrog, 954 F.2d 1174, 1176 (6th Cir. 1992).

Here, Ms. Patel contends that plaintiff has failed to establish personal jurisdiction over her. Because plaintiff is asserting the existence of jurisdiction, the burden of proof rests upon him to establish the existence of minimum contacts between Ms. Patel and the forum State of Ohio. See Brunner v. Hampson, 441 F.3d 457, 462 (6th Cir. 2006). However, because the issue of personal jurisdiction is being determined solely on the basis of briefs and an affidavit, as opposed to conducting an evidentiary hearing or allowing limited discovery, plaintiff's burden is "relatively slight" and requires only that he make "a prima facie showing" of personal jurisdiction. Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 360 (6th Cir. 2008). Further, the Court must "construe the facts in the light most favorable to [plaintiff] and accord no weight to the controverting allegations of the party seeking dismissal...." Flake v. Schrader-Bridgeport Int'l, No. 11-5522, 2013 WL 4105657, at *11 (6th Cir. Aug. 15, 2013)(citing Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991)).

Ohio's long-arm statute provides:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

> (1) Transacting any business in this state;

> (2) Contracting to supply services or goods in this state;

> (3) Causing tortious injury in this state by an act or omission in this state;

> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives

9

substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(B) For purposes of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state. As used in this division, "principal" and "sales representative" have the same meanings as in section 1335.11 of the Revised Code.

(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Ohio Rev. Code §2307.382. In this case, plaintiff alleges sufficient facts to authorize personal jurisdiction under Ohio's

10

long-arm statute.  As noted above, plaintiff has sworn that Ms.
Patel, on her own and in conspiracy with another person or
persons, used the internet to post defamatory and false
statements about him, causing harm to his reputation in Ohio.
Plaintiff further alleges that Ms. Patel contacted temple members
by telephone in Ohio, using false information to persuade them to
abandon the Hindu Temple of Ohio.  Because Ms. Patel is alleged
to have caused tortious injury to plaintiff by acting in this
state, personal jurisdiction is proper under Ohio Rev. Code
§2307.382(A)(3).  Consequently, plaintiff has satisfied his
relatively light burden of showing Ohio's long-arm statute
provides a basis for this Court to exercise personal jurisdiction
over Ms. Patel.

Plaintiff must also show that exercising jurisdiction over
Ms. Patel comports with constitutional due process.  The due
process clause "does not contemplate that a state may make
binding a judgment in personam against an individual or corporate
defendant with which the state has no contacts, ties, or
relations." World-Wide Volkswagen Corp. v. Woodson, 444 U.S.
286, 294 (1980)(citing International Shoe Co. v. Washington, 326
U.S. 310, 319 (1945)).  The minimum contacts necessary to
establish jurisdiction in the forum state must be "such that the
maintenance of the suit does not offend 'traditional notions of
fair play and substantial justice.'" International Shoe, 326
U.S. at 316 (quoting Milliken v. Meyer, 311 U.S. 457, 463
(1940)).

The minimum contacts test may be satisfied by doing acts in
the state that bring about a substantial connection with a state,
or cause a known or expected consequence in the state.  See McGee
v. International Life Ins. Co., 355 U.S. 220, 223 (1957).  "The
two related functions of the minimum contacts requirement are
that it protects a defendant from the burden of litigating in an

inconvenient forum and prevents the states from reaching out, through their courts, 'beyond the limits imposed on them by their status as coequal sovereigns in a federal system.'" <u>American Greetings Corp. v. Cohn</u>, 839 F.2d 1164, 1169 (6th Cir. 1988)(quoting <u>World-Wide Volkswagon</u>, 444 U.S. at 292).

The Sixth Circuit has developed a three-part test for determining whether the particular circumstances in any case provide sufficient contact between a non-resident defendant and the forum state to support the exercise of personal jurisdiction:

> First, the defendant must purposefully avail [herself] of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

<u>Calphalon Corp. v. Rowlette</u>, 228 F.3d 718, 721 (6th Cir. 2000)(quoting <u>Southern Mach. Co. v. Mohasco Indus., Inc.</u>, 401 F.2d 374, 381 (6th Cir. 1968)).

If the above criteria are satisfied, jurisdiction is appropriate if the facts of the particular case are such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>International Shoe</u>, 326 U.S. at 316.  While this test established a useful analytical framework, each case must be determined on its particular facts. <u>Velantra v. Regie Nationale des Usines Renault</u>, 336 F.2d 292, 295 (6th Cir. 1964).

In this case, Ms. Patel has failed to submit any evidence in opposition to that submitted by plaintiff. The Court is therefore required to treat that evidence as uncontested.  Plaintiff's affidavit supports the inference that Ms. Patel purposefully availed herself of the privilege of conducting activities within Ohio when she contacted plaintiff in Dayton, Ohio on two

occasions, seeking and receiving his religious services.  In addition, his affidavit states that Ms. Patel intended to and did contact people, on her own and in conjunction with an individual or individuals identified as "Akkamolai," in Ohio by telephone and through the internet.  This evidence is sufficient to satisfy the first part of the three-part test.

The second part of the test is satisfied because plaintiff's claims against Ms. Patel arise out of or are related to her contacts with Ohio.  More specifically, plaintiff alleges that Ms. Patel, on her own and in conjunction with "Akkamolai," posted defamatory and false comments about him and the Hindu Temple of Ohio which were intended to reach, among others, plaintiff's followers in Ohio.  Similarly, plaintiff alleges that Ms. Patel called many followers in Ohio to persuade them to abandon the Hindu Temple of Ohio.  The Court finds this evidence sufficient to establish that plaintiff's claims arise from Ms. Patel's activities in Ohio.

Finally, the Court looks to whether Ms. Patel's conduct establishes a substantial enough connection with Ohio to make the exercise of jurisdiction over her reasonable.  The Court finds that, assuming plaintiff's affidavit to be true, the exercise of jurisdiction here would not offend traditional notions of fair play and substantial justice because Ms. Patel's conduct relating to Ohio was such that she should reasonably anticipate being haled into court here.  Although Ms. Patel argues generally that she has had no substantial, continuous, or systematic contacts with Ohio and has never purposefully availed herself of the privilege of conducting activities in Ohio, she does not argue that defending the case in Ohio would cause her an undue burden.  Given Ohio's interest in resolving such matters and the inference that arises when the first two elements of the three-part test are satisfied, see First Nat'l Bank v. J. W. Brewer Tire Co., 680

13

F.2d 1123, 1126 (6th Cir. 1982), the Court finds that the third element is satisfied.  Consequently, it will be recommended that Ms. Patel's motion to dismiss for lack of personal jurisdiction be denied.  (Doc. #18).

E. <u>Motion For a More Definite Statement and Motion to Strike</u>

The Court now turns to the motion to strike and for a more definite statement filed by defendant the Hindu American Temple. (Doc. #15).  In its motion, the Hindu American Temple argues that plaintiff "has neither sifted through his grievances nor plead with requisite specificity the facts necessary to support his claims."  <u>Id.</u> at 4.  More specifically, the Hindu American Temple argues that plaintiff makes only "conclusory statements devoid of factual support" in support of its defamation and conspiracy claims.  <u>Id.</u> at 5.  The Hindu American Temple argues that Fed. R. Civ. P. 12(b) and (e) require plaintiff to make a more definite statement in support of his conspiracy claim against it.  In addition, the Hindu American Temple contends that plaintiff improperly brings three separate causes of action for defamation, slander, and commercial disparagement based on the same conduct, namely cyber defamation.  The Hindu American Temple maintains that these claims "should be combined into the single cause of action that they actually are."  <u>Id.</u> at 7.  Finally, the Hindu American Temple urges that Fed. R. Civ. P. 12(b) and (e) require plaintiff to make a more definite statement as to whether he asserts a false light claim against it.  The Hindu American Temple acknowledges that plaintiff is acting <u>pro se</u>, but it argues that the leniency toward <u>pro se</u> plaintiffs does not excuse plaintiff's failure to plead causes of action with the requisite specificity in this case.

In addition to moving for a more definite statement, the Hindu American Temple asks this Court to strike redundant, immaterial, and scandalous matter from the complaint pursuant to

14

Fed. R. Civ. P. 12(f).  Although the Hindu American Temple
acknowledges that striking a portion of a pleading is a drastic
remedy, it nonetheless requests that remedy based upon its
assertions that certain paragraphs in the complaint contain
"matters that have no apparent bearing on the causes of action
for which Plaintiff seeks relief." Id. at 12.  The Hindu
American Temple also alleges that certain paragraphs contain
"insults and personal affronts" that "1) detract[ ] from the
matters at hand; 2) allow[ ] Plaintiff to use the legal process
not to obtain justice from this court, but mete out his own form
of vigilante justice; and 3) render[ ] the dignity of due process
a secondary consideration." Id. at 13.  Consequently, the Hindu
American Temple requests that certain paragraphs be stricken from
the complaint under Fed. R. Civ. P. 12(f).  The Court first
addresses the motion for a more definite statement and then
examines the motion to strike.

> Fed. R. Civ. P. 12(e) states, in pertinent part:
>
> A party may move for a more definite statement of a
> pleading to which a responsive pleading is allowed but
> which is so vague or ambiguous that the party cannot
> reasonably prepare a response.  The motion must be made
> before filing a responsive pleading and must point out
> the defects complained of and the details desired.

A motion for more definite statement "is designed to strike at
unintelligibility rather than simple want of detail" . . . [It]
must be denied where the subject complaint is not so vague or
ambiguous as to make it unreasonable to use pretrial devices to
fill any possible gaps in detail." Jakovich v. Hill, Stonestreet
& Co., No. 1:05 CV 2126, 2005 WL 3262953 at *3 (N.D. Ohio Nov.
30, 2005)(quoting Scarbrough v. R-Way Furniture Co., 105 F.R.D.
90, 91 (E.D. Wis. 1985)).

In the instant action, the Hindu American Temple filed an
answer on the same day it filed the motion for a more definite

15

statement.  The fact that it was able to file the responsive
pleading is inconsistent with its argument that the complaint is
so vague and ambiguous that it cannot reasonably be required to
formulate a response.  Because Rule 12(e) motions are not favored
by courts, see Monsul v. Ohashi Technica U.S.A., Inc., No. 2:08-
cv-958, 2009 WL 2430959, *4 (S.D. Ohio Aug. 6, 2009), and the
complaint provided sufficient background to allow the Hindu
American Temple to form a responsive pleading, the motion will be
denied.  Any uncertainty concerning allegations in the complaint
that remains should be amenable to resolution through the
discovery process.

    The Court now turns to the motion to strike.  The striking
of a portion of a pleading is a drastic remedy which is seldom
granted absent a showing of real prejudice to the moving party.
See Armstrong v. Snyder, 103 F.R.D. 96, 100 (E.D. Wis. 1984).
Courts generally strike parts of a pleading for being scandalous
or impertinent only where the language is extreme or offensive.
See Thompson v. Hartford Life & Accident Ins. Co., 270 F.R.D.
277, 279 (W.D. Ky. 2010).  An allegation may be stricken for
being immaterial only when it bears no possible relationship to
the controversy.  See Brown & Williamson Tobacco Corp. v. United
States, 201 F.2d 819, 822 (6th Cir. 1953).

    There is some doubt as to whether Rule 12(f) can be used to
strike allegations that are merely untrue.  The falsity of a
matter alleged is not specifically included among the grounds for
a motion to strike.  See Fleischer v. A.A.P., Inc., 180 F. Supp.
717, 721 (S.D.N.Y. 1959); 5C Wright & Miller, Federal Practice &
Procedure §1883 (3d ed. 2011).  The Court should therefore
proceed cautiously in considering a motion to strike based on the
untruthfulness of a statement.  See E.E.O.C. v. FPM Group, Ltd.,
657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009).  The Court is ill-
equipped at the pleading stage to determine whether or not an

16

allegation is false. See id. But even if an allegation is deemed to be untrue, that does not mean it must be stricken. See Housing Opportunities Project for Excellence, Inc. v. Key Colony No. 4 Condo. Assoc., Inc., 510 F. Supp. 2d 1003, 1015 (S.D. Fla. 2007). Motions to strike should be granted only where the pleading contains allegations which are obviously false and clearly injurious to a party. See Watson & Son Pet Supplies v. Iams Co., 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999).

Here, the Hindu American Temple fails to set forth any basis for striking allegations under Rule 12(f). More specifically, the Hindu American Temple's objection to information concerning "Plaintiff's background, purported acumen, and qualifications" is misplaced because that information is relevant to plaintiff's claims that the alleged false and derogatory statements about him caused harm to his reputation and his temple. Thus, the allegations bear some relationship to the dispute. Similarly, the effort to strike allegations concerning harm to plaintiff's family and their businesses, Commander's Cantina and Vishal Foods LLC, also is misplaced because the issues of standing and joinder are not properly before the Court on a motion to strike. See Fed. R. Civ. P. 12(f); see, e.g., Geir By and Through Geir v. Educ. Serv. Unit No. 16, 144 F.R.D. 680, 688 (D. Neb. 1992) (recognizing that lack of standing is not a proper ground upon which to grant a motion to strike under Rule 12(f)). Further, the allegations concerning theft of funds, contained in paragraph 76 of the complaint, relate to a non-party and, as such, are not "clearly injurious to a party." Finally, plaintiff's characterization of the Hindu American Temple "and/or its members and/or its officers" as "seasoned frauds," is not so extreme or offensive as to warrant the drastic remedy of striking it from the record. Consequently, the motion to strike filed by the Hindu American Temple will be denied. (Doc. #15).

17

F. <u>Motion to Disqualify Counsel Ronald J. Kozar</u>

Next, the Court addresses plaintiff's motion to disqualify counsel Ronald J. Kozar. (Doc. #45). In the motion, plaintiff argues that Mr. Kozar should be prevented from representing his own interests as well as his co-defendants' interests because doing so "could materially and adversely affect his representation" of them. <u>Id.</u> at 3. Plaintiff also contends that, even if Mr. Kozar were not a defendant in this case, an impermissible conflict of interest exists because he represents multiple defendants simultaneously. According to plaintiff, "this conflict of interest is sufficiently severe to call into question the fair and efficient administration of justice" in this case. <u>Id.</u> at 5. Plaintiff seeks an evidentiary hearing relevant to his motion and requests that the Court disqualify Mr. Kozar in addition to any attorneys who are employed by, or associated with, his law firm.

Mr. Kozar, on his own behalf and on behalf of his clients, opposes plaintiff's motion. (Doc. #48). Among other arguments, Mr. Kozar claims that plaintiff has already been unsuccessful in making the same claims against him with the Ohio Supreme Court Office of Disciplinary Counsel, does not have standing to assert any conflict of interest as a basis for disqualification, has not identified any actual conflict, or realistic potential for one, between Mr. Kozar's interests and his clients' interests, and fails to acknowledge that any such conflict can be waived. In addition, defendant the Hindu American Temple, which is not represented by Mr. Kozar, filed its own memorandum in response to plaintiff's motion to disqualify. (Doc. #51). In its response, the Hindu American Temple argues that plaintiff fails to cite the relevant law, suggesting that plaintiff used a previously-drafted motion based on Georgia law. Of particular concern to counsel for the Hindu American Temple "is the fact that Doc. #45

18

affirmatively misrepresents the law of Ohio by treating that which is unique to one state as if it applies with equal facility and force in another." Id. at 3.

"A motion to disqualify counsel is the proper method for a party to bring an alleged breach of ethical duties to the court's attention." Kitchen v. Aristech Chem., 769 F. Supp. 254, 256 (S.D. 1991) (citing Musicus v. Westinghouse Elec. Corp., 621 F.2d 742 (5th Cir. 1980)).  The power to disqualify an attorney from a case "is incidental to all courts, and a district court is obliged to consider unethical conduct by any attorney in connection with any proceeding before it." See SST Castings, Inc. v. Amana Appliances, Inc., 250 F. Supp.2d 863, 865 (S.D. Ohio 2002).  However, motions to disqualify counsel must be scrutinized closely because "the ability to deny one's opponent the services of capable counsel is a potent weapon." Manning v. Waring, Cox, James, Sklar & Allen, 849 F.2d 222, 224 (6th Cir. 1988).  Thus, when evaluating a motion to disqualify counsel, a court must use its discretion carefully to balance the "competing public interests of requiring professional conduct by an attorney and of permitting a party to retain counsel of his choice." Kitchen, 769 F. Supp. at 257.

While the trial court has broad discretion to disqualify counsel, such discretion is not unfettered.  See Gould, Inc. v. Mitsui Mining & Smelting Co., 738 F. Supp. 1121, 1124 (N.D. Ohio 1990).  Due to the seriousness of depriving a party of the counsel of his or her choice, an attorney should only be disqualified "when there is a reasonable possibility that some specifically identifiable impropriety actually occurred and, in light of the interest underlying the standards of ethics, the social need for ethical practice outweighs the party's right to counsel of his own choice." United States v. Kitchin, 592 F.2d 900, 903 (5th Cir. 1979) (internal quotation omitted).

With these principles in mind, it is not clear from plaintiff's motion that some specifically identifiable impropriety has arisen from Mr. Kozar's representation in this case. Stated another way, plaintiff's allegations of ethical violations are unsupported by any facts in the record. Absent such facts, the Court will not disqualify a party's chosen counsel. See Kalinauskas v. Wong, No. 95-16645, 1997 WL 67691, at *2, n.1 (9th Cir. Feb. 14, 1997)(noting that the district court did not abuse its discretion when it denied a motion to disqualify counsel because the motion was baseless and unsupported by evidence). If counsel could be disqualified under these conditions, it would be all too easy for opposing parties to harass one another. See Kitchen, 769 F. Supp. at 257 (noting the possibility of motions to disqualify counsel as a technique of harassment). Consequently, plaintiff's motion to disqualify Mr. Kozar as counsel will be denied. (Doc. #45).

## G. Motions for Injunctive Relief

The Court now examines plaintiff's motion to order an emergency federal investigation. (Doc. #22). In the motion, plaintiff claims that defendants posted a threat to him on a blog known as "www.Topix.com." Id. at 3. Plaintiff states that the threat, which is written in "Tamil Dialogue which is spoken by millions of people in India," issues "a death notice" that "they will cut [his] neck and murder [him] and they will not care about the present litigation in this court." Id. at 4 (emphasis and internal quotations omitted). The motion requests that this Court:

> order secret services, or FBI, or any one enforcement
> agencies who the court deems to fit to save the life of
> the plaintiff from the death-murder threat. Also to
> place it on the record, if the plaintiff gets murdered at
> any time, then the defendants are the reason behind the
> same. Also REQUEST [sic] FOR AN INVESTIGATION AND TO

ORDER TO GIVE PROTECTION TO THE PLAINTIFF THROUGH THE
APPROPRIATE FEDERAL AGENCIES AND ANY OTHER INJUNCTION
AGAINST THE DEFENDANTS THE COURT DEEMS FIT.

Id. Plaintiff attaches pages printed from www.topix.com in support
of his motion.

In light of the fact that plaintiff's motion appeared to be
a motion for a temporary restraining order or preliminary
injunction, the Court ordered an expedited briefing schedule
requiring defendants to respond to the motion within ten days.
(Doc. #24). Defendants Kamlesh Mehrotra (Doc. #32), the Hindu
American Temple (Doc. #33), and Seema Patel (Doc. #44) separately
filed memoranda in opposition to plaintiff's motion, claiming
that the allegations against them are false and they are not
connected in any way to any threat made to plaintiff.
"Defendants Susan Kozar, Kepner, Whitaker, Ronald Kozar, Pillai,
Gangadharan, Iruvuri, Loganathan, Louis, Vasudevan, Raja [correct
name Seetha Aparna Jagadeesaraja], and Durdaller" together oppose
plaintiff's motion, also urging that it must be denied. (Doc.
#47).

Plaintiff filed a reply brief in support of his motion,
claiming, inter alia, that he has received another death threat.
(Doc. #52 at 1). In the reply, plaintiff revises his request for
relief to include an order enjoining defendants from making any
statements that could "reasonably be conceived, interpreted, or
perceived as disparaging, negative, derogatory, [or]
inflammatory" against him or the Shiva Vishnu Temple of Texas.
Id. at 5. Plaintiff further requests that, if any defendant
violates the proposed order, the Court impose sanctions of "ten
thousand dollars ($10,000) per violation" payable to him, in
addition to "other relief at law, or in equity, to which he is
justly entitled." Id. at 5. On the same day, plaintiff also
filed an "Emergency Notice About 'Second' Death-Murder Threat,"

21

which plaintiff states targeted him and his children.  (Doc. #53).  Plaintiff requests the Court "to order federal agencies to investigate and protect [him] from the death and murder threat announced AGAIN."  Id. at 1 (internal quotations omitted).

Thereafter, "Defendants Susan Kozar, Kepner, Whitaker, Ronald Kozar, Pillai, Gangadharan, Iruvuri, Loganathan, Louis, Vasudevan, Raja [correct name Seetha Aparna Jagadeesaraja], and Durdaller" filed a notice of supplemental authority, attaching a decision issued in Hindu Temple and Community Center of High Desert, Inc. v. Kepner, a lawsuit initiated by plaintiff which is pending in the United States District Court for the Northern District of Georgia.  (Doc. #55, Ex. 1).  Defendants state that the decision "denies Mr. Annamalai the same injunctive relief, concerning a supposed death threat, that he is seeking through Doc. #22 in this case."  Id. at 1.  Defendants argue:

> [i]n addition to being a precedent, the decision may also be res judicata.  It not only involves the same movant and the same alleged harm, but also four of the same defendants (Loganthan, Pillai, Louis, and Kalaisel Vasudevan) that this case involves.  It also may be relevant that six of the defendants in that case (Kepner, Whitaker, Venugopalan, Durdaller, Vengesanam, and Sridhar Vasudevan) are spouses of defendants in this case.

Id.  Defendants Kamlseh Mehrotra (Doc. #56) and the Hindu American Temple (Doc. #58) also filed memoranda in opposition to plaintiff's "emergency notice" or motion concerning the second death threat.  Plaintiff filed a "reply to . . . [the] notice of supplemental authority," arguing that this Court is not bound by the decision issued in the United States District Court for the Northern District of Georgia, and that the relief requested in this case differs from that requested in the Georgia case. (Doc. #60 at 1).

Irrespective of any decision in the United States District Court for the Northern District of Georgia, this Court is

required to weigh four factors in determining whether plaintiff
is entitled to a preliminary injunction under Fed. R. Civ. P.
65(a).  Those factors are: (1) the likelihood that the party
seeking the injunction will succeed on the merits of the claim;
(2) the extent to which the party seeking the injunction will be
injured unless relief is granted, focusing particularly on the
possibility of irreparable injury; (3) whether the injunction, if
issued, will cause substantial harm to others; and (4) whether
issuance of the injunction is in the public interest.  See
Washington v. Reno, 35 F.3d 1093, 1099 (6th Cir. 1994).  No one
factor is dispositive.  Rather, these four factors must be
balanced in determining whether preliminary injunctive relief
should issue.  In re Delorean Motor Co., 755 F.2d 1223, 1229 (6th
Cir. 1985).

In seeking injunctive relief in this case, plaintiff alleges
that he has received two death threats.  He vaguely alleges that
some or all of the defendants are responsible for these threats.
Aside from suggesting that some of the defendants speak Tamil
dialogue, the language used to make the death threats, plaintiff
does not explain the basis for his belief that defendants are
responsible for making the threats.  Plaintiff admits that Tamil
dialogue "is spoken by millions of people in India," and he fails
to present this Court with any credible facts tying the threats
to the defendants.  Vague allegations of death threats, absent
any credible evidence to support them, are insufficient to
support an award of injunctive relief.  See, e.g., Peters v.
Director, TDCJ-CID, No. 9:10cv41, 2010 WL 2698382, at *1 (E.D.
Tex. May 20, 2010)(denying injunctive relief to Petitioner who
"vaguely allege[d] that . . . he has received death threats"
where Petitioner "provided no evidence showing any of his
statements to be true or how they support[ed] his contention that
he require[d] injunctive relief").  Threats to the safety of any
person's well being are taken very seriously by this Court;
however, absent any credible evidence tying defendants to the

23

treats, the criteria for injunctive relief set forth in Fed. R. Civ. P. 65 do not favor the issuance of the relief plaintiff requests.  Consequently, the Court will recommend that plaintiff's first (Doc. #22) and second (Doc. #53) motions relating to the death threats be denied.

## II. Conclusion

Based upon the foregoing, this Court recommends that:

1.   Plaintiff's motion to voluntarily dismiss defendants Mary Ann Baker Whitaker, Kitisook Ratna Kepner, Susan Kozar, Ronald Kozar (Doc. #25) be granted;

2.   Plaintiff's motion to voluntary dismiss defendant John K. Limoli (Doc. #19) be granted;

3.   Plaintiff's motion to voluntary dismiss defendant Joyce Durdaller (Doc. #64) be granted;

4.   Ms. Patel's motion to dismiss for lack of personal jurisdiction (Doc. #18) be denied; and

5.   Plaintiff's motions for injunctive relief (Docs. #22, #53) be denied.

In addition, this Court orders that:

1.   Plaintiff's motions for default judgment against the Hindu American Temple (Doc. #12), Pichu Ravikumar (Doc. #14), Richard E. Cox (Doc. #27), the Hindu Community Organization, Inc. (Doc. #29), Subramani Ramgopal (Doc. #31), Southern Christian Leadership (Doc. #35), Reginald B. Young (Doc. #37), Faraha Bhatti (Doc. #39), and Albert Stidham (Doc. #41) are denied.


Plaintiff has twenty-eight days from the issuance of this Opinion and Order to obtain service upon defendants.  If plaintiff fails to do so, this case may be dismissed against any defendant who has not been served properly.

2.   Plaintiff's motion to reconsider the August 29, 2013 order (Doc. #20) is denied as moot;

24

3.    The motions for extensions of time (Docs. #65, #66) are
      granted, extending the deadline to answer or otherwise
      respond through January 3, 2014;

4.    Defendant Bhatti's previous motion for an extension of
      time (Doc. #43) is denied as moot;

5.    The Hindu American Temple's motion to strike and for a
      more definite statement (Doc. #15) is denied; and

6.    Plaintiff's motion to disqualify counsel Ronald J. Kozar
      (Doc. #45) is denied.

### III. <u>Procedure on Objections</u>

A. <u>Procedure on Objections to Report and Recommendation</u>

If any party objects to this Report and Recommendation, that
party may, within fourteen days of the date of this Report, file
and serve on all parties written objections to those specific
proposed findings or recommendations to which objection is made,
together with supporting authority for the objection(s).  A judge
of this Court shall make a de novo determination of those
portions of the report or specified proposed findings or
recommendations to which objection is made.  Upon proper
objections, a judge of this Court may accept, reject, or modify,
in whole or in part, the findings or recommendations made herein,
may receive further evidence or may recommit this matter to the
magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object
to the Report and Recommendation will result in a waiver of the
right to have the district judge review the Report and
Recommendation de novo, and also operates as a waiver of the
right to appeal the decision of the District Court adopting the
Report and Recommendation.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140
(1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

B. <u>Procedure on Objections to Order</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/Terence P. Kemp
United States Magistrate Judge