```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Swamiji Sri Sel Vam Siddhar,          :

      Plaintiff,                    :

  v.                                 :    Case No. 2:13-cv-747

                                          :    JUDGE EDMUND A. SARGUS, JR.
Yasodhara Sivanesan, et al.,          Magistrate Judge Kemp

      Defendants.                   :

## REPORT AND RECOMMENDATION

    Swamiji Sri Sel Vam Siddhar, also known as Annamalai Annamalai, a plaintiff proceeding <u>pro se</u>, filed a 90-page complaint on July 29, 2013 against twenty-seven defendants.  In the complaint, plaintiff seeks $125 million in compensatory and punitive damages based upon his allegations that defendants conspired to make false and derogatory statements about him which caused harm to his reputation and his temple, the Hindu Temple of Ohio.

    On December 11, 2013 this Court issued a report and recommendation and order in this matter which observed, <u>inter alia</u>, that plaintiff had not effected proper service of process. After setting forth the relevant rules, the Court noted that plaintiff's failure to effect proper service raised an issue under Fed. R. Civ. P. 4(m).  The Court set forth that rule which provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff -  must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court noted that, at that time, more than 120 days had passed

since this case was filed on July 29, 2013, and the complaint had not been served properly.  Rather than dismiss the case, however, the Court granted plaintiff twenty-eight additional days to obtain service.  The Court also cautioned that any defendant who had not been served properly by the end of that time "will be dismissed as a party."  (Doc. #69 at 6).

Plaintiff did not file any objections to the report and recommendation.  Thereafter, the following defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 4(m):  Richard E. Cox, Veena Ganghaddaran, Srisha Iruvuri, Chandramohan Longanathan, Teresa Louis, Seema Patel, Packyalakshmi Pillai, Seetha Aparna Jagadees Raja, Southern Christian Leadership, Kalaiselvi Vasudevan, Reginald B. Young (Doc. #76), the Hindu American Temple and Cultural Center, Inc. (Doc. #77), Faraha Bhatti (Doc. #78), and Kamlesh Mehrotra (Doc. #84).  The remaining defendants, Yasodhara Sivanson, James W. Baker, David B. Sparks, Albert Stidham, the Hindu Community Organization, Pichu Ravikumar, and Subrami Ramgopal, have not made an appearance in this case.

On February 24, 2014, plaintiff filed an amended complaint (Doc. #86), along with a "notice of service of process" (Doc. #87).  In the "notice of service of process," plaintiff

> respectfully notifies the court that the following defendants were properly served with the copy of the complaint and summons according to the federal rules of civil procedure.
>
> 1. REGINALD B YOUNG
> 2. SRISHA IRUVURI
> 3. HINDU AMERICAN TEMPLE AND CULTURAL CENRER [SIC] INC.,
> 4. SEETHA APARNA JAGADEESA RAJA
> 5. THE SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE, INC
> 6. PICHU RAVIKUMAR
> 7. KAMLESH MEHROTRA
> 8. RAJAN GOPLAN

(Doc. #87 at 2-3).  Plaintiff attaches exhibits to support his argument that the complaint has been served properly, which include certified mail receipts, United States Postal Service sales receipts, and tracking and confirmation statements printed from usps.com.  Id. at Ex. A.

In its report and recommendation and order, this Court explained that service of a summons and complaint must be made by a "person who is at least 18 years old and not a party ...." Fed. R. Civ. P. 4(c)(2).  The Court noted that plaintiff is a party and therefore cannot serve the complaint himself.  Further, the Court explained that, although federal law does not ordinarily allow for service by certified mail, service by certified mail by the Clerk of Court is allowable here because that method is available under Ohio law.  The Court then quoted Local Civil Rule 4.2, which sets forth the procedure for having the Clerk of Court make certified mail service.

Although plaintiff is proceeding without counsel, this Court's report and recommendation and order made plaintiff aware of the proper method of effective service and extended the relevant time period.  Despite this Court's setting forth the relevant rules and procedure, plaintiff has still failed to effect proper service.  More specifically, plaintiff has attempted service on his own and not through the Clerk of Court. Consequently, plaintiff has not complied with Local Civil Rule 4.2.  Because none of the defendants in this case have been properly served on a timely basis in accordance with the relevant rules, this Court will recommend dismissal of this case without prejudice.

In making this recommendation, the Court notes that, although both the Hindu American Temple and Cultural Center, Inc. and Kamlesh Mehrotra have filed answers to the complaint (Doc. #7, Doc. #17), they preserved the defense of insufficient service

of process in their answers and thus have not waived that defense.  See King v. Taylor, 694 F.3d 650, 656-57 (6th Cir. 2012) (finding that defendant's assertion in answer that the complaint should be dismissed due to insufficient service was adequate to preserve the defense).  The Court also notes that plaintiff's subsequent attempt to file an amended complaint does not remedy his failure to effect service of process in a timely fashion.  See Harris v. City of Cleveland, 7 Fed. Appx. 452, 456 (6th Cir. 2001).

Here, all of the remaining defendants that have appeared in this case have moved to dismiss under Fed. R. Civ. P. 4(m).  For those defendants who have not appeared, "[i]n the absence of a showing of good cause for the failure to effect timely service, the court has discretion to dismiss sua sponte, provided plaintiff has notice of the proposed action."  Despot v. Western S. Fin. Grp., No. 1:06-CV-00474, 2007 WL 3558671, at *2 (S.D. Ohio Nov. 14, 2007)(citing Osborne v. First Union Nat'l Bank, 217 F.R.D. 405, 408 (S.D. Ohio 2003)).  Plaintiff does not set forth good cause for his failure to effect service and offers no explanation or justification for his failure to remedy the defects in service.  Instead, plaintiff once again attempted service and ignored the Court's instruction as to the proper procedure for doing so.  The Court provided plaintiff with adequate notice in its prior report and recommendation and order.  Consequently, this Court will recommended that this action be dismissed without prejudice for failure to effect proper service under Fed. R. Civ. P. 4(m).  Consistent with that ruling, the Court will recommend that the motions to dismiss be granted (Doc. ##76, 77, 78, 84), and that the following pending motions be denied as moot:

1.  a motion to stay filed by plaintiff (Doc. #67);

2. a motion to strike the motion to stay filed by fifteen of the defendants (Doc. #68);

3. a motion to strike the amended complaint filed by filed by defendant Kamlesh Mehrotra (Doc. #89);

4. a motion to strike the amended complaint filed by eleven of the defendants (Doc. #90);

5. a motion to strike the amended complaint filed by defendant Faraha Bhatti (Doc. #92);

6. a motion to strike the amended complaint filed by defendant the Hindu American Temple and Cultural Center, Inc. (Doc. #93); and

7. a motion for leave to file the first amended complaint filed by plaintiff (Doc. #96).

## Conclusion

Based on the foregoing, the Court recommends dismissal of this action without prejudice for failure to effect proper service under Fed. R. Civ. P. 4(m). Consistent with that ruling, the Court recommends that the motions to dismiss (Doc. ##76, 77, 78, 84) be granted and the remaining motions be denied as moot (Doc. ##67, 68, 89, 90, 92, 93, 96).

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the

magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal,  the decision of the District Court adopting the Report and Recommendation. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

<u>/s/ Terence P. Kemp</u><br>United States Magistrate Judge